IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 JUL 14 PM 1:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| IN RE MOTIVE, INC.<br>SECURITIES LITIGATION | § § § § § | CAUSE NO. A-05-CA-923-LY<br>(Consolidated with A-05-CA-942-LY<br>A-05-CA-963-LY<br>A–05-CA-970-LY<br>A-05-CA-1030-LY) |

## FINAL JUDGMENT

The Stipulation and Agreement of Partial Settlement dated December 6, 2007 (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), having been filed with the Court on January 11, 2008 (Dkt. No. 130) and presented at the Settlement Hearing on July 1, 2008, pursuant to the Order Preliminarily Approving Partial Settlement entered herein on March 7, 2008 (the "Notice Order"), which Stipulation was joined and consented to by Lead Plaintiffs Lisa St. Aubin, Sara Jackson and the City of Bethleham Aggregated Pension Fund (the "Lead Plaintiffs") and defendants Motive, Inc. ("Motive" or the "Company"), Scott L. Harmon, Paul M. Baker, R. Logan Wray, Eric J. Jones, Michael LaVigna, Michael J. Maples, Thomas Meredith, David Sikora and John D. Thornton (together with Motive, the "Settling Defendants") (Lead Plaintiffs and the Settling Defendants are collectively referred to herein as the "Settling Parties") and which (along with the defined terms in the Stipulation) is incorporated herein by reference.

The Court, having determined that notice of said hearing was given in accordance with the Notice Order to members of the Class as certified by the Court in the Notice Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Settling Parties having appeared by their attorneys of record; and the attorneys for the respective Settling Parties having been heard in support of the Stipulation and the partial settlement of the Action as between

Lead Plaintiffs and the Settling Defendants provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

**IT IS ORDERED AND ADJUDGED** as follows:

1. The Court, for purposes of this Final Judgment, adopts all defined terms as set forth in the Stipulation. All capitalized terms not defined herein shall have those meanings contained in the Stipulation.

2. The Notice of Pendency of Class Action and Proposed Partial Settlement and Complete Settlement of Derivative Action and Motion for Attorneys' Fees and Expenses (the "Notice") has been disseminated to the Class (as defined in ¶4 herein), pursuant to and in the manner directed by the Notice Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Settling Parties, the Class, and persons and entities in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further determined that all members of the Class are bound by this Final Judgment.

3. Each of the provisions of Fed. R. Civ. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; ©) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common

to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Action is hereby certified as a class action for purposes of settlement only pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons and entities who purchased or otherwise acquired the common stock of Motive between June 24, 2004 and October 26, 2005, inclusive (the "Class"). Excluded from the Class are the Settling Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors and assigns and any affiliates or entities in which the Settling Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class, as listed on Exhibit 1 annexed hereto.

5. The Settlement provides for the payment on behalf of Defendants of Seven Million Dollars ($7,000,000) in cash (the "Settlement Cash") plus interest, and 2.5 million shares of Motive common stock, issued pursuant to Section 3(a)(10) of the Securities Act of 1933 (the "Settlement Stock") containing the restrictive legends contemplated by the Stipulation (together, the Settlement Cash and Settlement Stock is the "Settlement Fund"), in exchange for the dismissal of all claims against the Settling Defendants. The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Settling Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Final Judgment in the Action.

6. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Settling Defendants.

7. As used in this Final Judgment, the terms "Released Claims," "Released Persons," "Released Settling Defendants' Claims," and "Unknown Claims" shall have the following meanings (as provided in the Stipulation at ¶¶1.24-1.26 and 1.32):

    a. "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, whether or not concealed or hidden, asserted or that could have been asserted by Lead Plaintiffs or any Class Member against the Released Persons, including without limitation, claims for negligence, gross negligence, breach of fiduciary duty, violation of any state or federal securities laws, or violations or any other state or federal statutes, rules or regulations, arising out of, or relating to, or in connection with the facts, transactions, events, occurrences, disclosures, statements, omissions or failures to act which were asserted or could have been asserted in this Action, and which relate to the purchase or acquisition of Motive common stock during the Class Period. Released Claims shall not include any claims that Lead Plaintiffs or any Class Member may have against Ernst & Young, LLP ("E&Y"), and are now contained in Civil Action Number A-08-CA-188-LY, styled *Laurence Paskowitz on behalf of himself and all others similarly situated; Clifford Allen; Jonathan Cheek; City of Bethlehem Aggregated Pension Fund; William E. Driscoll, Individually and on behalf of William J. Driscoll; Jack Dyke; Kanto Elezaj; Sara Jackson; Daniel Lambert; Allen R. Manuel, Individually and on behalf of all others similarly situated; Lisa Saint-Aubin; John Smith, Individually and on behalf of all others similarly situated; Valentin*

*Spitkovsky; and Michael L. Steiner on behalf of himself and all others similarly situated v. Ernst & Young LLP.*

   b. "Released Persons" means each and all of the Settling Defendants and their respective past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, representatives, controlling shareholders, attorneys, investment advisors, investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Settling Defendant has a controlling interest, any retirement plans, any members of a Settling Defendant's immediate family, or any trust of which a Settling Defendant is the settlor of or which is for the benefit of a Settling Defendant's family, *provided, however*, that Released Persons shall specifically not include E&Y or any agent or employee of E&Y.

   c. "Released Settling Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against Lead Plaintiffs, any Class Member, Co-Lead Counsel, or any Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

   d. "Unknown Claims" means (I) all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of

the Released Persons, of might have affected his, her or its decision not to object to the Settlement; and (ii) all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settling Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Settling Defendants' Claims which, if known by him, her or it, might have affected his, her or its settlement and release of the Released Settling Defendants' Claims. With respect to any and all Released Claims and Released Settling Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits of common law, which are similar, comparable or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or the Released Settling Defendants' Claims, but the Settling Parties shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date of this Settlement, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims and Released Settling Defendants' Claims. The Settling Parties acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Settling Defendants' Claims was separately bargained for and was a key element of the Settlement.

6

8. Upon the Effective Date of this Settlement, as defined in ¶9.1 of the Stipulation, Lead Plaintiffs and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any Persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release Form.

9. Upon the Effective Date of this Settlement, each of the Released Persons, on behalf of themselves and their successors and assigns, shall also release and forever discharge each and every of the Released Settling Defendants' Claims, and shall forever be enjoined from prosecuting the Released Settling Defendants' Claims.

10. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A) (the "PSLRA"): (I) E&Y is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any Released Person arising out of the Released Claims, and (ii) the Released Persons are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against E&Y arising out of the Released Claims. In the event of a final verdict or judgment against E&Y, the judgment reduction provision provided for in the PSLRA, Section 21D-4(f)(7)(B), 15 U.S.C. § 78u-4(f)(7)(B), shall also apply.

11. The issuance of the Settlement Stock pursuant to and in accordance with the Stipulation and the Escrow Agreement, entered into by Co-Lead Counsel and the Escrow Agent (JPMorgan Chase Bank, National Association) and dated as of January 9, 2008, is fair and reasonable, and is being made partly in exchange for one or more bona fide outstanding claims or

property interests where the terms and conditions of such issuance and exchange have been approved, after a hearing upon the fairness of such terms and conditions at which all Persons to whom it is proposed to issue securities in such exchange had the right to appear, by this Court, all within the meaning of Section 3(a)(10) of the Securities Act of 1933, and such shares of Settlement Stock are exempt securities within the meaning of such Securities Act of 1933, and thus the issuance and delivery of such shares pursuant to and in accordance with the Stipulation and the Escrow Agreement need not be registered under said Act. The issuance of the Settlement Stock to the Escrow Agent pursuant to and in accordance with the Stipulation and the Escrow Agreement is likewise not required to be registered under the Texas Securities Act.

12. This Final Judgment, the Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Settling Defendant, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other Person, has or has not suffered any damage or whether this case may properly be certified as a class action.

13. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator, A.B. Data, Ltd., are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

14. The Court finds that all Settling Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. The Court finds that all Persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation. All Persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Final Judgment. All Persons who have opted out of this Action are identified on Exhibit 1 hereto.

16. Only those Class Members filing valid and timely Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Persons. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

17. No Authorized Claimant shall have any claim against Lead Plaintiffs, Co-Lead Counsel or the Claims Administrator based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further order(s) of the Court. No Person shall have any claim whatsoever against Settling Defendants, Settling Defendants' Counsel, or any Released Persons arising from or related to any distribution made, or not made, from the Settlement Fund.

18.     Pursuant to the Stipulation, the Settlement Cash was deposited with the Escrow Agent in two parts: $2.5 million on March 13, 2008 and $4.5 million on March 20, 2008. The Escrow Agent invested the Settlement Cash in the JPMorgan 100% US Treasury Securities Money Market Fund, which is currently earning interest at a rate of 1.29%. The Settlement Cash has earned $25,119.89 in interest through July 1, 2008. Within five (5) business days following the entry of this Order, Motive shall cause 2.5 million shares of Motive common stock, issued pursuant to and in accordance with Section 3(a)(10) of the Securities Act of 1933 and applicable provisions of the Texas Securities Act, and evidenced by a certificate registered in the name of the Motive Securities Litigation Settlement Fund, and containing the restrictive legends contemplated in ¶2.3 of the Stipulation, to be delivered to the Escrow Agent.

19.     Co-Lead Counsel are hereby awarded attorney's fees in the amount of 30% of the Settlement Fund (consisting of 30% of the Settlement Cash, or $2,100,000, and 30% of the value of the Settlement Stock when paid) and reimbursement of out-of-pocket expenses in the amount of $143,640.71. Co-Lead Counsel are also awarded interest earned on both their award from the Settlement Cash and their award of out-of-pocket expenses at the same rate as earned on the Settlement Cash from the date the Settlement Cash was deposited with the Escrow Agent until disbursement of such award to Co-Lead Counsel. The above amounts shall be paid to Co-Lead Counsel pursuant to the terms of the Stipulation. The award of attorney's fees shall be allocated among any counsel representing any plaintiff in this Action ("Plaintiffs' Counsel") in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

20. In making this award of attorney's fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. the Settlement has created a fund comprised of $7 million in cash plus 2.5 million shares of Motive common stock issued pursuant to Section 3(a)(10) of the Securities Act of 1933, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Co-Lead Counsel;

   b. Over 11,000 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel were moving for attorney's fees in an amount up to 30% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $200,000, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Co-Lead Counsel contained in the Notice;

   c. This Action involved numerous difficult issues related to liability and damages;

   d. Co-Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

   e. Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Settling Defendants;

   f. Co-Lead Counsel have devoted over 3,393 hours, with a lodestar value of $1,903,404.50, to achieve the Settlement;

   g. Co-Lead Counsel pursued this Action on a contingent basis;

   h. Co-Lead Counsel's request of 30% of the Settlement Fund in attorney's fees is consistent with awards in similarly complex cases in this jurisdiction; and

   i. This Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

21. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement),

11

this Final Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶¶2.9, 8.2, 9.2, 9.4, and 12 of the Stipulation, shall be deemed terminated, and the Settling Parties shall return to their respective status in the Action immediately prior to the execution of the Stipulation, except that (I) any modifications, reversal, or vacation of the award of attorney's fees and expenses to Co-Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Judgment, and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Judgment.

22.  Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Persons for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Order and Final Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorney's fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

23.  All other relief not expressly granted is **DENIED**.

24.     The cause is hereby **CLOSED**.


SIGNED this _14th_ day of July, 2008.

                                                                LEE YEAKEL
                                                                UNITED STATES DISTRICT JUDGE